FILED

JUL 2 3 2020

Clerk, U.S District Court
District Of Montana
Great Falls

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 14-40-GF-BMM-JTJ |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| LELAND CHARLES THOMAS, | |
| Defendant. | |

## I. Synopsis

Defendant Leland Charles Thomas (Thomas) has been accused of violating the conditions of his supervised release. Thomas admitted all of the alleged violations. Thomas's supervised release should be revoked. Thomas should be placed in custody for 20 months, with no supervised release to follow. Thomas should serve his term of custody in a medical facility given that he has prostate cancer.

## II. Status

Thomas pleaded guilty to Assault Resulting in Serious Bodily Injury on July 10, 2014. (Doc. 26). The Court sentenced Thomas to 30 months of custody, followed by 3 years of supervised release. (Doc. 35). Thomas's current term of

supervised release began on October 3, 2019. (Doc. 80 at 2).

**Petition**

The United States Probation Office filed an Amended Petition on July 21, 2020, requesting that the Court revoke Thomas's supervised release. (Doc. 80). The Amended Petition alleged that Thomas had violated the conditions of his supervised release: 1) by using methamphetamine; 2) by committing another crime; and 3) by possessing methamphetamine.

**Initial appearance**

Thomas appeared before the undersigned for his initial appearance on July 22, 2020. Thomas was represented by counsel. Thomas stated that he had read the petition and that he understood the allegations. Thomas waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on July 22, 2020. Thomas admitted that he had violated the conditions of his supervised release: 1) by using methamphetamine; 2) by committing another crime; and 3) by possessing methamphetamine. The violations are serious and warrant revocation of Thomas's supervised release.

Thomas's violations are Grade A violations. Thomas's criminal history category is III. Thomas's underlying offense is a Class C felony. Thomas could be incarcerated for up to 24 months. Thomas could be ordered to remain on supervised release for up to 24 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 18 to 24 months.

### III. Analysis

Thomas's supervised release should be revoked. Thomas should be incarcerated for 20 months, with no supervised release to follow. Thomas should serve his term of custody in a medical facility given that he has prostate cancer. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Thomas that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Thomas of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Thomas that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Thomas stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

That Leland Charles Thomas violated the conditions of his supervised release: by using methamphetamine; by committing another crime; and by possessing methamphetamine.

The Court **RECOMMENDS:**

That the District Court revoke Thomas's supervised release and commit Thomas to the custody of the United States Bureau of Prisons for 20 months, with no months of supervised release to follow. Thomas should serve his term of custody in a medical facility given that he has prostate cancer.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 23rd day of July, 2020.

John Johnston
United States Magistrate Judge

4